Edgar Allen Lomax and St. Louis-Eastern Truck Lines, Inc., Appellants, v. H. M. Brooks, Appellee.

568

May term, 1942.  
Rehearing denied September 9, 1942.

Heard in this court at the  
Opinion filed June 27, 1942.

Pope & Driemeyer, of East St. Louis, for appellants.

Whitnel, Browning, Listeman & Walker, of East St. Louis, for appellee.

Mr. Justice Culbertson delivered the opinion of the court.

Plaintiffs appellants (hereinafter called plaintiffs) brought suit against defendant appellee (hereinafter called defendant) to recover damage which they sustained as the result of a collision between an automobile driven by defendant and a tractor and trailer owned by plaintiff St. Louis-Eastern Truck Lines, Inc. and driven by plaintiff Edgar Allen Lomax. Plaintiff Lomax sued for personal injuries which he received in the collision, and plaintiff St. Louis-Eastern Truck Lines, Inc., sued to recover for damage done to its tractor and trailer. Defendant filed a counterclaim against plaintiff St. Louis-Eastern Truck Lines, Inc. for damages for injuries to his person and to his automobile. This case was tried before a court and jury, and which jury returned verdicts in favor of defendant, and against both plaintiffs, and judgment was entered on said verdicts by the court, in bar of further action

as to plaintiffs' suits. The jury returned a verdict for $10,000 in favor of defendant under his counter-claim against plaintiff St. Louis-Eastern Truck Lines, Inc., and judgment was entered by the court on said verdict, after a denial of motions for judgment not-withstanding the verdict and for a new trial. Plaintiff Lomax appeals from the judgment entered against him on his suit, and plaintiff St. Louis-Eastern Truck Lines, Inc. appeals from the judgment entered against it on its suit, and from the judgment for $10,000 entered against it under the counterclaim.

The complaint contains two counts. The cause of action of plaintiff Lomax is stated in the first count, and the cause of action of the plaintiff company is stated in the second count. Both counts contain sub-stantially the same allegations, and both charge that on February 2, 1941, plaintiff Lomax was operating an automobile tractor and trailer, the property of plaintiff St. Louis-Eastern Truck Lines, Inc., in a southerly direction on U. S. Highway No. 40 immediately south of its intersection with Illinois Highway No. 157, near Collinsville, in Madison county, Illinois; that at the same time defendant, H. M. Brooks, was driving his automobile in a northerly direction on U. S. Highway No. 40, which is a paved four-lane highway; that de-fendant negligently drove his automobile so as to cause it to collide with the tractor and trailer; that defendant drove his automobile at a speed greater than was reasonable and proper, in violation of the statute, so as to injure plaintiff Lomax and to damage the prop-erty of the plaintiff company; that defendant further violated the statute in that he drove his automobile upon defendant's left half of U. S. Highway No. 40 so as to cause it to collide with the tractor and trailer; and that as a direct and proximate result of defend-ant's negligence, plaintiffs were damaged. The an-swer of defendant admitted the time and place of the collision, and denied the other allegations of both

counts of the complaint. The counterclaim alleged that south of the intersection of Illinois Highway No. 157 and U. S. Highway No. 40, both highways are extended over the same four-lane paved surface;. that at the said intersection Illinois Highway No. 157 runs northwardly and U. S. Highway No. 40 turns eastwardly, and from the point of intersection runs east and west; that at the point of intersection of said highways the Department of Public Works and Buildings of the State of Illinois had erected a stop sign to compel traffic approaching the intersection from the east, on U. S. Highway No. 40, to come to a full stop before entering the intersection; that on February 2, 1941 defendant was driving his automobile northwardly at or near said intersection and was in the exercise of due care for his own safety; that plaintiff St. Louis-Eastern Truck Lines, Inc. negligently operated its truck and trailer so as to cause it to collide with defendant's automobile; that plaintiff, in violation of paragraph 167 of chapter 95½, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 85.199], failed to stop its vehicle before entering the intersection and failed to give the right-of-way to defendant; that plaintiff failed to keep a reasonable lookout for approaching vehicles and, in violation of paragraph 166 of chapter 95½, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 85.198], attempted to enter the intersection and turn to the south when it could not do so with safety, and that as a direct and proximate result of plaintiff's negligence, defendant was damaged. Plaintiff admitted the erection and existence of the stop sign at the time of the collision, and the description of the highways, and denied the other allegations of the counterclaim.

From the evidence in this case it appears that the collision involved in this case occurred at the intersection of U. S. Route 40 and Illinois Route No. 157, some two miles northwest of Collinsville, in Madison county, Illinois. South of the point of intersection

both routes extend north and south upon the same four-lane paved surface, which is 40 feet wide. Route 40 turns east at the intersection and continues as a four-lane forty-foot wide pavement. A concrete apron on the north side of Route 40, and the curve in the pavement of Route 40 where it turns east from Route 157, substantially widens the paved surface of Route 40 just east of the point of intersection. There is a stop sign located on the north side of Route 40 east of its intersection with Route 157. Immediately east of the point where Route 40 converges with Route 157, a white line is painted across the pavement. This white line begins on the north side of the pavement and extends, with a gap of several feet, south across the apron to the northerly side of the west-bound lanes of Route 40. It then extends southeast across the two west-bound lanes to the center line of Route 40. Just east of this white line, the word "stop" is painted on each traffic lane of the pavement, in large white letters.

Plaintiff Lomax testified that on Sunday morning, February 2, 1941 he was proceeding on Route 40 en route from Indianapolis to St. Louis, driving a 1940 Ford tractor, to which was attached a loaded refrigerator trailer. The evidence discloses he had left Indianapolis at about 5 or 6 p.m. the night before. The tractor, trailer, and load, weighed 30,000 pounds. The tractor was equipped with hydraulic brakes and the trailer with vacuum brakes. He testified that the traffic was light, the pavement dry, and visibility good. Plaintiff Lomax testified that when he reached the intersection with Illinois Highway No. 157, he pulled up to the stop line and came to a full stop. He testified that he looked first to the south on 157 and saw no traffic approaching, and he then looked to the north and saw no cars coming, and he then shifted the tractor into low gear and started across the intersection, headed west, and that when he reached the center of

the intersection he was traveling five miles an hour, and that he then shifted into second gear, and at the same time saw Brooks' Willys car coming from the south, about 400 yards away, and that he continued to cross the intersection and got into the west lane and had turned south in the west lane and driven 100 to 120 feet south in that lane when Brooks' car (when about 40 to 50 feet from his truck) angled left across the highway directly toward the truck driven by plaintiff and collided with the left front end of the tractor in the west lane of the four-lane pavement. Plaintiff testified that Brooks was traveling at about 50 miles an hour when he first observed him, and that Brooks did not reduce his speed and, if anything, was traveling faster at the time of the collision than when he first observed him. Plaintiff testified that when the collision occurred he jerked his tractor sharply to the right, or west, and that he was thrown against the left door of the tractor and stunned. It appears the car, truck and tractor went off the road and down an embankment of 4½ to 5 feet and into a plowed field and that when Brooks' car and the truck stopped, the right side of the car was against the left side of the tractor, and that both the car and truck were headed west.

It appears from the testimony of William Joerms, who testified that he witnessed the collision, that he observed the truck when it arrived at the intersection, and that it came to a stop at the stop line, and after it started up and had been driven west across the intersection to the west lane, he observed it turned south in the west lane and drove south to a point 40 feet beyond the Route 40 marker sign, and that he also observed defendant's car and when defendant's car was about 75 yards south of the truck it turned diagonally northwest across the pavement and continued in that direction until it struck the left front and side of the truck. This witness testified the collision oc-

curred in the west lane and gave as his opinion, that Brooks' car was traveling at about 40 miles per hour, or faster, at the time of the collision.

Brooks, testifying in defense of the suit brought against him and in support of his counterclaim, testified that his profession was that of a drug clerk, and that just prior to the accident he was driving his Willys sedan northwardly on Route 157 en route to work over Sunday on a piece of ground he owned near Gillespie, Illinois. It was his intention to continue north on Route 157, past the intersection where this accident happened. He testified he was traveling on the inner north-bound traffic lane as he approached the intersection, at a speed of from 35 to 40 miles an hour, and that when he was about 250 to 300 feet from the intersection he saw the plaintiff's truck approaching the intersection from the east, traveling on Route 40. Brooks testified that when he first observed plaintiff's truck that it was in the neighborhood of the stop sign, which is about 150 feet from the stop line, and that the truck was proceeding at a speed of about 35 miles an hour. It appeared to this witness that the truck seemed to slow down as it approached the stop line, and Brooks testified that he assumed the truck was going to stop and continued his journey northwardly on the innermost north-bound lane, until the truck passed over the stop line and shot across the highway in front of him, in a southwesterly direction. He testified that the 32-foot tractor and trailer barred his path and he swung sharply to his left in an attempt to avoid the collision. This witness testified that the left front of the truck struck the right side of his car. This witness appeared to have no recollection of anything that happened after the collision, until he found himself at the hospital. The injuries to Brooks were so serious that the verdict of $10,000 in his favor on his counterclaim, is not challenged in this court as being excessive.

There is evidence in the record by a witness who reached the scene of the accident a few minutes after it occurred, that he observed fresh dual-wheeled skid marks three or four feet long, in the second west lane of Route 157, extending in a westerly direction, and that these skid marks led to the tracks on the shoulder and out into the field where the truck was mired. Photographs were received in evidence showing tracks made by the truck on the shoulder and in the field were practically at right angles with Route 157. There also appears the evidence of two witnesses who testified that the truck was so far out in the field that the rear end of it was 25 feet from the slab of Route 157, and the tracks made by the truck miring down in the soft shoulder and field, were ten inches to a foot deep. Photographs in evidence do not disclose any damage to the front end of the Brooks car.

Plaintiffs Edgar Allen Lomax and St. Louis-Eastern Truck Lines, Inc., assign as error in this court: (First) The refusal of the trial court to allow their motion for a new trial; (Second) That the judgment in bar of their suit, from which they appeal, is contrary to the law and the evidence; and (Third) That the trial court erred in giving the instructions given at the request of the defendant. In connection with the counterclaim, the said St. Louis-Eastern Truck Lines, Inc. assigns the following error: (First) The refusal of the trial court to direct a verdict in its behalf, and to allow its motion for judgment notwithstanding the verdict; (Second) The refusal of the trial court to allow its motion for a new trial; (Third) That the judgment against it, under the counterclaim, is contrary to the law and to the evidence; and (Fourth) That the trial court erred in giving the instructions given at the request of defendant. It is urged that the evidence conclusively shows that the defendant was guilty of negligence which contributed to his injuries, and that

it was, therefore, error to refuse to direct a verdict against him on his counterclaim.

An examination of the evidence does not, in our opinion, furnish us with any basis upon which we would be in a position to say that the defendant was guilty of negligence, as a matter of law. It seems to us that an issue of fact was tendered on this subject, and it has been passed upon by the jury, adversely to plaintiffs in their original suit, and we would not be permitted to disturb it unless, we are able to say that said verdicts were against the manifest weight of the evidence. We do not believe, and hold, that the verdicts in favor of the defendant in the original suit were not against the manifest weight of the evidence.

In connection with the contention advanced on this appeal with reference to the counterclaim, that the court committed error by not directing a verdict and in not allowing the motion for a judgment notwithstanding the verdict. It must be conceded that the well-settled law of this State is, that a trial court is not permitted to direct a verdict where there is any evidence fairly tending to prove the allegations of the defendant's counterclaim (*Blumb v. Getz*, 366 Ill. 273, 274), and in passing upon a motion to direct a verdict, the court must consider the evidence produced by the defendant on his counterclaim, together with all reasonable inferences to be drawn therefrom, most strongly in favor of the defendant on his counterclaim, and must reject all contradictory evidence and all explanatory circumstances (*Blumb v. Getz, supra*). Applying these well-defined principles to the instant case we conclude, and hold, that the trial court did not commit error in failing to direct a verdict in favor of the defendant in the counterclaim, and did not commit error in denying the motion for a judgment notwithstanding the verdict, filed on behalf of defendant in the counterclaim. We are not able to say that the

verdict in favor of plaintiff in his counterclaim is against the manifest weight of the evidence, but it appears to us that it has abundant support in the evidence.

It is finally contended that the court committed error in giving defendant's instruction, number one. A careful reading of this instruction discloses that it is an instruction that did not direct a verdict, and is an instruction in the language of the law itself. Where an instruction is given in the language of a statute which is pertinent to the issues, it must be regarded as sufficient. Laying down the law, in the words of the law itself, ought not to be pronounced error (*Deming v. City of Chicago,* 321 Ill. 341; *Minnis v. Friend,* 360 Ill. 328). The proposition of law stated, we believe, was pertinent to the issues, and we hold that no error was committed by the court in the giving of this instruction. The court, in denying the motion for a new trial, committed no error.

No error having been assigned that would warrant us in any way interfering with the judgments entered in bar in connection with the suit of plaintiffs, as originally filed, and no error having been assigned that would warrant any interference on the part of this court with the judgment in favor of plaintiff in the counterclaim, said judgments are hereby, accordingly, affirmed.

*Judgments affirmed.*