Joseph Eldridge, Appellee, v. Christine Boismenue, Executrix of Estate of Jesse Boismenue, Deceased, Appellant.

Opinion filed June 1, 1943.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis, for appellant.

FELSEN & McMURDO and BEASLEY & ZULLEY, all of East St. Louis, for appellee.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment for $4,000, rendered in the circuit court of St. Clair county, in favor

of plaintiff appellee, Joseph Eldridge (hereinafter called plaintiff), and against defendant appellant, Christine Boismenue, executrix of the estate of Jesse Boismenue, deceased (hereinafter called defendant).

This is a suit to recover for personal injuries and property damage in an automobile accident, resulting from a head-on collision between an automobile driven by plaintiff and an automobile driven by defendant's intestate, which occurred on September 21, 1941, on State Route No. 3, just north of the Village of Dupo, at about 4:05 p. m., on a clear day.

The issues in this case were made by a complaint, with one count, and an answer denying the material allegations of said complaint. The complaint alleged, in substance, that the plaintiff on September 21, 1941, was driving his automobile in a northerly direction on a hard-surfaced road, identified as Illinois State Highway Route No. 3, through the northerly part of Dupo; that the highway was divided into two lanes of traffic by a black line in the center; that the easterly lane was used for north-bound traffic, and the westerly lane was used for south-bound traffic; and that the defendant's intestate was driving south. Plaintiff alleges that he was in the exercise of due care and caution for his own safety and the safety of his automobile, and charged the defendant's intestate with numerous acts of negligence, as follows: (a) That he improperly, carelessly and negligently undertook to pass a vehicle driving in a southerly direction and did not return to the right side of the road in time to avoid a collision with plaintiff. (b) That he negligently and improperly failed to keep a proper lookout. (c) That he did not give plaintiff at least one half of the main traveled portion of the road, in violation of sec. 152 of ch. 95½ of Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 85.184]. (d) That he operated his automobile to his left of the center line of the highway in violation of sec. 151 of ch. 95½, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 85.183].

(e) That he drove his automobile at a high and dangerous rate of speed of 45 to 50 miles an hour, in violation of sec. 146 [Jones Ill. Stats. Ann. 85.178] of the aforesaid statute. (f) That he attempted to pass another automobile and drove to the wrong side of the road and struck the plaintiff's automobile head-on. The complaint then alleges property damage in the sum of $966.33, and claims personal injuries to plaintiff, expenses for medical treatment, and hospitalization and nursing, in the amount of $25,000.

The defendant's answer denies all the allegations of negligence, and also the allegation that plaintiff was in the exercise of due care; and denies that the plaintiff was entitled to recover.

Almost all of the evidence in this case is undisputed.

The evidence discloses that the plaintiff, on the day of the accident in question, was employed as a car inspector for the Missouri Pacific Railroad, at Dupo, Illinois, and that on the day of the accident in question, he worked from 8 a. m. to 4 p. m., and that after leaving his employment he drove north on highway No. 3 in his 1941 Ford V-8. The evidence discloses that highway No. 3 runs north and south at the place of the accident in question, and is a highway 18 or 20 feet wide, and that the conditions of the weather were clear and warm, and the pavement dry. It appears that the accident occurred about a mile north of the place where plaintiff was employed.

Robert Emmett O'Keefe, a witness produced on behalf of the plaintiff, testified that he appeared at the scene of the accident shortly after it had occurred, and that he saw plaintiff lying "half down on the floor and half under the dashboard" of his automobile. This witness testified that plaintiff's automobile was partly on and partly off of the north-bound lane of highway No. 3. This witness was in an Inn about 300 feet south of the point of the accident when he heard the impact, and immediately ran to the scene of the acci-

dent, and when he arrived there he found the plaintiff's car facing north, with two wheels off of the pavement on the east shoulder of the road, and the defendant intestate's automobile all the way across the black line, facing cater-cornered south, and that the cars had come together head-on. This witness testified there were skid marks 12 to 15 feet long, directly behind plaintiff's car and leading to the plaintiff's car. This witness further testified there were no skid marks in back of the defendant intestate's automobile.

George Koch, another witness called on behalf of the plaintiff, testified that the accident happened in front of the door of his residence, about 5 or 6 minutes after 4 o'clock, and that his attention was attracted to it by the crash. This witness testified that the Model A Ford, driven by defendant's intestate, was headed south, while the plaintiff's automobile was headed north, and that after the collision, plaintiff's automobile was about a foot off of the east side of the slab, and the car that was headed south was on the east side, with the back wheel 6 or 8 inches over the black line. Several other witnesses testified to the position of the cars after the accident, and there is complete uniformity in their testimony that plaintiff's car was on his own proper side of the road, and partly on the shoulder, and that defendant intestate's car was completely on plaintiff's side of the road.

Plaintiff received serious injuries as a result of this accident, and it is not necessary to discuss same for the reason that the amount of the verdict is not in any wise challenged on this appeal.

From the evidence in this case it appears that after the accident, defendant's intestate was apparently sitting up straight in his car, with one hand on the wheel, and witnesses observed him breathing for some minutes after the accident. It appears that he passed away a short time after the occurrence of the accident. An autopsy performed on the body of defendant's in-

testate revealed that he had sustained serious injuries as a result of the accident, and that such injuries were sufficient to have produced his death. However, this autopsy also disclosed defendant's intestate had the heart of an old man, and that the vessels were sclerosed, and evidenced arteriosclerosis, or hardening of the arteries, to a marked degree, in both the aorta and the coronary vessels. There is evidence in the record of a witness who had been acquainted with defendant's intestate for 35 years, and had on many occasions seen him drive his automobile; that at all times defendant's intestate was a careful driver. This witness testified on cross-examination that he had never ridden in an automobile with defendant's intestate. It is urged on this appeal that defendant's intestate had suffered a heart attack, which caused the accident in question.

The following errors are relied upon in this court for a reversal of the judgment in this case: (1) The court erred in denying defendant's motion for directed verdict at the close of all the evidence; (2) Plaintiff was guilty of negligence, as a matter of law; (3) The defendant's intestate was not guilty of negligence and (4) The judgment is against the manifest weight of the evidence and the circumstantial evidence, and the greater weight of the evidence preponderates in favor of the defendant.

It seems quite clear to us that the court did not err in denying defendant's motion for a directed verdict at the close of all the evidence in this case. On a motion for a directed verdict the court cannot weigh evidence and must reject all contradictory evidence or explanatory circumstances (*Shutan v. Bloomenthal*, 371 Ill. 244, 254; *Blumb v. Getz*, 366 Ill. 273, 277).

We fail to perceive any evidence in this record that would permit us to say that plaintiff was guilty of negligence, as a matter of law. An examination of the evidence persuades us that the question of defendant intestate's negligence was very properly submitted to

388

the jury for their determination, and we are not disposed to disturb their finding of guilty in this case, and we do not believe, and so hold, that the judgment in this case is not against the manifest weight of the evidence, but that, on the contrary, it has abundant support in the evidence.

The judgment of the circuit court of St. Clair county being correct and proper, and there being no reversible error in this record, said judgment is hereby affirmed.

*Judgment affirmed.*