## DEARBORN NAT. CASUALTY CO. v. CONSUMERS PETROLEUM CO.

### No. 9133.

Circuit Court of Appeals, Seventh Circuit.
Nov. 15, 1947.

Andrew J. Farrell, of Chicago, Ill., for appellant.

Harry G. Hershenson, Edward Hershenson, James B. McKeon and Hershenson & Hershenson, all of Chicago, Ill., for appellee.

Before KERNER and MINTON, Circuit Judges, and BRIGGLE, District Judge.

MINTON, Circuit Judge.

The plaintiff-appellant, an insurance company, issued its automobile liability and property damage policy to the defendant-appellee covering all commercial automobiles owned by the defendant, including a fuel oil truck used to deliver fuel oil to consumers. The policy provided: "Notice Of Accident—Upon the occurrence of an accident written notice shall be given by or on behalf of the Insured to the Company or any of its authorized agents as soon as practicable."

The plaintiff filed a complaint for a declaratory judgment as to its liability under this policy, alleging that an accident involving the fuel oil truck occurred October 17, 1941, and that no written notice thereof was given to the plaintiff until January 19, 1942. The plaintiff contended that the giving of notice 94 days after the accident occurred was not "as soon as practicable" as required by the policy, and that this was

such a material breach of a condition precedent as to relieve the plaintiff of liability to the defendant. The defendant's answer did not deny that the only notice it gave was that of January 19, 1942, but did deny that it knew immediately of the accident and alleged that it gave notice as soon as claim was made upon it. The case was tried by the court without a jury, and judgment was rendered for the defendant, from which judgment the plaintiff has appealed.

The court in denying relief to the plaintiff recited in its order: "* * * that said policy of insurance was not breached by the defendant, Consumers Petroleum Company, and that said defendant notified the plaintiff of said accident as soon as practicable thereafter as required by the terms of said policy." We think the recital that the contract was not breached was a conclusion of law and the balance of the recital was a conclusion of the ultimate fact. This order is hardly a compliance with Federal Rule of Civil Procedure 52(a)[1] which provides: "In all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." This rule is mandatory and should be observed by the trial courts. While the burden and responsibility to make findings of fact and state conclusions of law thereon are primarily upon the trial court, certainly counsel for the parties, especially the prevailing party, have an obligation to a busy court to assist it in the performance of its duty in this regard.

Did the court consider that the notice given 94 days after the accident was notice "as soon as practicable" within the meaning of the policy? Or did it consider that the defendant had not any sufficient information or notice of the accident until it was sued January 19, 1942, at the expiration of the 94 day period? The court made an ultimate finding of fact that the defendant notified the plaintiff of the accident "as soon as practicable" thereafter, but no subsidiary findings of fact were made to indicate upon what findings this conclusion of ultimate fact was based.

There must be such subsidiary findings of fact as will support the ultimate conclusion reached by the court. Kelley et al v. Everglades Drainage District, 319 U.S. 415, 420, 422, 63 S.Ct. 1141, 87 L.Ed. 1485.

The finding here is not sufficient for us to ascertain whether the District Court found that the giving of notice after 94 days, unexplained, was "as soon as practicable," or whether it found that there was not any sufficient information available to the defendant of the occurrence of the accident as would impose a duty upon the defendant to report the facts to the plaintiff prior to the expiration of 94 days.

For the failure of the District Court to comply fully with Federal Rule of Civil Procedure 52(a) and make a finding as to when the defendant received notice or sufficient information to impose the duty upon it to report the accident to the plaintiff, the judgment is reversed and vacated and the cause remanded to the District Court to proceed in accordance with this opinion. Kelley et al. v. Everglades Drainage District, supra; City of Sumter et al v. Spur Distributing Co., 4 Cir., 110 F.2d 649.

---

[1] 28 U.S.C. following Section 723c.