## DESCH v. UNITED STATES.
### No. 10171.

United States Court of Appeals,
Seventh Circuit.
Jan. 12, 1951.

George B. Sleigh, Jacob Logan Fox, Chicago, Ill., Brown, Fox & Blumberg, Chicago, Ill., Nathan S. Blumberg, Jacob Logan Fox, Jr., Chicago, Ill., of counsel, for appellant.

Otto Kerner, Jr., U. S. Atty., William Sylvester White, Jr., Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

DUFFY, Circuit Judge.

Plaintiff brought this action under the Federal Tort Claims Act, including 28 U.S.C.A. §§ 1346, 1402, and 2674, to recover damages for injuries resulting from the alleged negligence of the driver of a United States mail truck.

On August 26, 1947, plaintiff, then 54 years of age and a resident of Nebraska, owned and operated a ladies' dress shop in Central City, Nebraska. On that date plaintiff, who was in the city of Chicago on a buying trip, walked southerly along the east side of Franklin Street, and crossed from the northeast corner of Franklin and Van Buren Streets to the southeast corner at about 4:10 P.M., and faced west, intending to cross to the west side of Franklin Street. The weather was clear at that time and place. At that time a United States mail truck was being driven north on Franklin Street, the driver holding a course about 1 ft. from the east curb. The truck was a 1917 Mack truck, 22 ft. 10 in. in length. A rub-rail 3½ in. wide protruded from each side of the body of the truck. The width of the truck, including the rubrails, was 8 ft. 7 in.

The edge of the sidewalk on Franklin Street close to the southeast corner of the intersection with Van Buren Street is only a few inches higher than the level of the street pavement. Street car tracks are located on both streets. The easterly cartrack on Franklin Street is 16 ft. 2 in. from the east curb. Southeast of the point where the southernmost and easternmost of the streetcar tracks intersect are two manholes located 13 ft. and 9 ft. 8 in. respectively from the curb line at the southeast corner of the intersection. On the day in question the manhole covers had been removed and repairmen were working in and about the manholes, each of which had been surrounded by a square steel fence about 4 ft. high. Traffic lights were located near each corner of the intersection. A four-sided metal pillar at this southeast corner supported the elevated railroad structure, and was set back 8 in. from each curb.

As he approached the intersection the truck driver saw men working near the northbound Franklin Street cartracks. He testified that he "noticed a woman standing over at the El (elevated) pillar, facing west, approximately west." He attempted to turn the truck to the right onto Van Buren Street in the limited space between the nearest manhole and the curb. He had been driving the truck north on Franklin Street at a rate of 15 to 20 miles per hour, but testified that he slowed the truck down and shifted into second gear, and had half completed the turn when he heard a woman scream. He immediately stopped the truck, the body of which was in contact with and pressed tightly against the metal pillar. A policeman on duty, directing traffic near the northwest corner of the intersection, although he did not see the truck strike the plaintiff, noted it had stopped and people running in that direction, and immediately went to the scene. He testified that he found the plaintiff lying on the sidewalk. Plaintiff testified that she was pushed against and around the pillar and knocked to the sidewalk. It is without dispute in the record that the rub-rail on the side of the truck body struck the plaintiff in the chest, causing her to be knocked down, and that as a result thereof she sustained injuries.

The driver of the truck did not see the plaintiff leaving the sidewalk at any time. Nor did any other witness so testify, except the plaintiff herself. Her testimony was that as she looked west, the green light was in her favor, that she saw the approaching traffic from the .south about 50 ft. distant, that she started to cross Franklin Street and had taken but a couple of steps when she noticed the approaching truck apparently was not going to stop at the intersection, that she then stepped back to the curb as close as she could possibly get, but that the truck, swinging to the right, struck her and threw her against the steel pillar.

In the complaint plaintiff alleges negligence in various respects, such as failure to keep a proper lookout for pedestrians, failure to have the truck under safe and reasonable control, failure to observe the traffic light, driving the truck at a precariously close distance to the curb, and attempting to turn easterly into Van Buren Street so close to the curb as to crush plaintiff between the truck and the steel pillar of the elevated structure.

The exact spot where plaintiff was standing when struck by the truck is of great importance in this case. No-one testified on this point except plaintiff who testified she stepped back to the curb as close as she could get. The court did not enter a finding of fact on this subject. In fact, Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A., which provides that "the court shall find the facts specially and state separately its conclusions of law" was disregarded in this case. The court signed so-called findings of fact prepared by counsel. Three findings are listed: (1) That the court had jurisdiction; (2) "That it does not appear from a preponderance of the evidence that the accident involving the plaintiff Agnes M. Desch, and the United States Mail Truck was proximately caused by the negligence of the driver of the Mail Truck"; and (3) "That it does not appear from a preponderance of the evidence that the plaintiff Agnes M. Desch, was in the exercise of due care."

The trial court should make such subsidiary findings of fact as will support the ultimate conclusions reached by the court. Dearborn Nat. Casualty Co. v. Consumers Petroleum Co., 7 Cir., 164 F.2d 332. Findings should be sufficient to indicate the factual basis for the ultimate conclusions of the court. Kelley, et al. v. Everglades Drainage District, 319 U.S. 415, 420, 63 S.Ct. 1141, 87 L.Ed. 1485. In as much as factual findings are missing, we have carefully read all of the evidence in this record. We are convinced that the court's determination that the driver of the truck was not negligent is not sustained. Conceding arguendo that the truck driver had the green light in his favor as he reached the intersection, even then we think he was guilty of negligence as a matter of law and that such negligence was the proximate cause of plaintiff's injuries.

Sec. 125 of the Illinois Motor Vehicle Act, Ill.Rev.Stat.1949, Ch. 95½, Sec. 222, provides that the maximum width of any motor vehicle and its load shall be 8 ft. The width of the Mack truck was 8 ft. 7 in. including the rub-rails. The driver drove this truck of illegal width on a course about 1 ft. from the east curb of Franklin Street, and, as far as the record shows, without warning attempted to maneuver it through a space less than 9 ft. 8 in. wide, at a place where the long truck was necessarily at an angle in the making of the attempted right turn. It is apparent that the side of the truck overhung the sidewalk as the truck turned. Even if the driver had first veered the truck to the west in order to attempt a wider turn onto Van Buren Street (and there is no testimony that he did so), it still was practically impossible to contort a 23 ft. long, 8 ft. 7 in. wide truck through so restricted an area in the making of a right-hand turn. He turned the truck so sharply that the side of it was tightly pressed against the metal pillar, with the result that the truck could not proceed further in an easterly direction. In making that turn the truck driver endangered anyone who might have been standing on the sidewalk at or near the curb line. It is, therefore, our conclusion that the district court's finding of fact acquitting the driver of the mail truck of negligence proximately contributing to

plaintiff's injuries is without evidentiary support, is clearly erroneous, and cannot be sustained; and the evidence affirmatively showing that the driver's negligence did proximately cause plaintiff's injuries, as above indicated, it must be held that the plaintiff is entitled to recover unless barred by evidence of her contributory negligence.

■ As to contributory negligence, it might be argued that Conclusion of Law No. 2 could be considered as a finding of fact. It states, "That the plaintiff Agnes M. Desch, failed to show by the preponderance of the evidence that she performed her duty as a pedestrian under Chapter 95½ Section 129 of Illinois Annotated Statutes not to enter a roadway when facing a traffic signal exhibiting Red or Stop unless she could do so safely and without interfering with any vehicular traffic." It should be noted that although the trial court "concludes" that the plaintiff failed to perform her duty under the statute, the court failed to make a finding that such failure proximately caused or contributed to her injuries.

From a discussion between court and counsel appearing in the record it is apparent that the court relied upon the testimony of Officer Carey, who was directing traffic at the intersection. Carey was at the northwest corner, diagonally across from where the accident occurred. He testified his view across was often obscured by the passage of long trailer trucks that frequented that area. He did not see the truck strike plaintiff, nor did he see it come to a stop. While he did testify at one point that the truck had the green light, he also testified, "Well, at the time that I saw the truck the traffic had changed for east and west." The officer's recollection of what happened prior to the accident was not clear. He testified, "The first thing that drew my attention to the fact that there was an accident there was I saw a mail truck stopped there and people got around before I got through the traffic to get across the street, and this lady was laying down on the sidewalk." Obviously the mail truck itself would obscure his

view of how and where plaintiff was struck since, in turning, the right side struck her and officer was diagonally across from the left side of the truck. The record fails to sustain the court's conclusion that plaintiff failed to prove her freedom from contributory negligence. Plaintiff was not struck by the front part of the truck or even by a fender. The record shows it was the right rub-rail, about the center of the truck body, which came in contact with the plaintiff. The only possible way to justify the finding that plaintiff failed to exercise due care would be to assume that she walked into the side of the truck. The record does not support that theory. We think that the plaintiff did sustain the burden of establishing she was not guilty of negligence which contributed to her injuries, and that therefore the court's conclusion that plaintiff was guilty of contributory negligence is also clearly erroneous.

■ In Dearborn Nat. Casualty Co. v. Consumers Petroleum Co., supra, we said, 164 F.2d at p. 333: "* * * While the burden and responsibility to make findings of fact and state conclusions of law thereon are primarily upon the trial court, certainly counsel for the parties, especially the prevailing party, have an obligation to a busy court to assist it in the performance of its duty in this regard." Anyone with experience on the trial bench knows that proposed findings and conclusions are often handed up to the judge when he is busily engaged in other matters. Many times, as an accommodation to counsel and to prevent his making another trip to court, proposed findings will be signed without awaiting adequate opportunity for a careful examination of their sufficiency. When counsel prepare findings of fact and conclusions of law they should take great care that such findings are sufficient to form a proper factual basis for the ultimate conclusions of the court.

The judgment appealed from is reversed, and the cause remanded, with directions to assess plaintiff's damages and thereafter to enter judgment for the plaintiff in such sum.