**Jack BLUMBERG and Yellow Cab Company, Plaintiffs-Appellees,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 11901.**

United States Court of Appeals
Seventh Circuit.

July 24, 1957.

Robert Ticken, U. S. Atty., Chicago, Ill., Paul A. Sweeney, Chief, Appellate Section, and Alan S. Rosenthal, Atty., U. S. Department of Justice, Washington,

D. C., George Cochran Doub, Asst. Atty. Gen., for appellant.

Chester L. Harris, Julius Jesmer, Chicago, Ill., for plaintiffs-appellees.

Before DUFFY, Chief Judge, and MAJOR and SWAIM, Circuit Judges.

MAJOR, Circuit Judge.

Plaintiffs brought this action against the United States under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., to recover damages for personal injuries and property loss allegedly sustained as a result of negligence on the part of the government's employee acting within the scope of his employment. On June 25, 1956, Honorable Philip L. Sullivan, a District Judge of the Northern District of Illinois, after trial without a jury, entered judgment for plaintiffs Blumberg and Yellow Cab Company in the amounts of $750.00 and $205.14, respectively, plus costs. From this adverse judgment defendant appeals.

Gomez v. United States, 7 Cir., 246 F.2d 878, decided simultaneously with the instant case, is in many respects similar from a factual standpoint and both call for application of the same principles of Illinois law. In fact, as noted in Gomez, the government contends that the results reached in the two cases are in hopeless conflict, and that one or the other must be reversed. In Gomez we reject that contention. In the instant case, the alleged injuries resulted from the collision of a taxicab driven by Blumberg with defendant's truck driven by Corporal Albert J. Pallmig, at the intersection of Foster and Kedzie Avenues in the City of Chicago. In Gomez, the government argues that its driver, who entered the intersection on a favorable light, was free from negligence as a matter of law, while in the instant case it contends that Blumberg, who entered the intersection on a favorable light, was guilty of contributory negligence as a matter of law. In the instant case the government concedes the negligence of its driver who entered the intersection against the red light.

The issues argued for reversal are that plaintiffs are barred from recovery because of Blumberg's contributory negligence and that the findings of the trial court do not meet the requirements of Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The findings of Judge Sullivan upon which the judgment under attack is predicated are as follows:

"That the taxicab of the plaintiffs was brought to a stop at Foster Avenue in obedience to a traffic control signal, and remained standing until the traffic control signal turned green for it to proceed, and that said taxicab entered the intersection of Kedzie Avenue and Foster Avenue, in the City of Chicago, on a green traffic control signal; that while proceeding across Foster Avenue, in obedience to said traffic control signal, the right rear of the taxicab was struck by the front of the westbound motor vehicle owned by the defendant, United States of America, and being operated by its agent and servant.

"The Court Finds that the plaintiffs operated their motor vehicle in the exercise of due care and caution for their own safety and the safety of their property, and that the plaintiffs were not negligent.

"The Court Further Finds that the defendant, by its agent and servant, was negligent in the operation of its motor vehicle, and that the negligence of the defendant was the proximate cause of the collision and the damages to the plaintiffs."

In the view which we take of the situation, we see no occasion to make a detailed statement of the evidence heard by Judge Sullivan. Briefly, on the afternoon of January 12, 1954, defendant's truck was proceeding in a westerly direction on Foster Avenue toward its intersection with Kedzie Avenue, in the City of Chicago. At the same time the taxicab driven by Blumberg was proceeding north in Kedzie Avenue. A red and green traffic signal was in operation at

the intersection of these avenues. Defendant's truck entered the intersection against the red light and Blumberg, after stopping and waiting for the light to change from red to green, entered the intersection on a favorable light, where the two vehicles collided, resulting in the injuries and damages complained of.

■■ We agree with the government to the extent that there is much similarity between the position of Blumberg at the time he entered the intersection and that of its driver in Gomez at the time he entered the intersection. Even so, as is pointed out in Gomez, it does not follow that we are at liberty to reject the finding of Judge Sullivan that Blumberg was in the exercise of due care and caution for his own safety because of the finding of Judge Campbell that defendant's driver in Gomez was negligent. As shown in Gomez, the question of negligence presents an issue of fact and, when a finding on that issue is made by the trier of the facts, we are not permitted to reject it unless we can determine that it is clearly erroneous. There is no basis for rejection from the mere fact that two trial judges made findings apparently in conflict on a critical issue. We have read the testimony in the instant case, as we did in Gomez, and we cannot hold that the finding of Judge Sullivan that Blumberg was in the exercise of due care and caution for his own safety is clearly erroneous any more than we can hold that the finding of Judge Campbell that defendant's driver in Gomez was negligent is clearly erroneous. We reject, therefore, the government's contention that the finding under attack should be cast aside.

■ Neither are we persuaded that there should be a reversal for failure to meet the requirements of Rule 52(a). In fact, we have difficulty in comprehending the government's position on this point. It commences its argument with the statement, "If this Court should agree with our position in Gomez that, as a matter of law, the driver possessing the right of way was not negligent in the circumstances there prevailing, this case must be remanded for further findings." On this premise it would appear that we need not give the point any further consideration because in Gomez we disagree with the position of the government that its driver was free from negligence as a matter of law. We think the government confuses the situation by its constant treatment of negligence as an issue of law rather than fact. Both Judge Campbell and Judge Sullivan treated the issue as factual, and we think properly so. In the instant case, defendant having conceded negligence on the part of its driver, there was a single issue of fact, that is, whether Blumberg was negligent.

Defendant relies strongly upon the decision of this court in Dearborn Nat. Casualty Co. v. Consumers Petroleum Co., 7 Cir., 164 F.2d 332. True, that case was reversed for failure of the trial court to make findings in compliance with Rule 52(a). However, we think it is distinguishable because the judgment there under attack rested upon what the court characterized as a conclusion of law. Here the judgment rests upon what the court properly characterized, so we think, as a finding of fact. In Yokley v. Santa Fe Trail Transportation Co., 10 Cir., 227 F.2d 534, the court held that it was bound by a finding that the plaintiff was guilty of contributory negligence and affirmed a judgment adverse to plaintiff. Another case of some pertinency is the decision of this court in Desch v. United States, 7 Cir., 186 F.2d 623. That was also an action under the Federal Tort Claims Act to recover damages against the government. The trial court found that the driver of defendant's truck was not negligent and that plaintiff was not in the exercise of due care. In an opinion by Judge Duffy, the failure of the trial court to make subsidiary findings was criticized but the case was not reversed for its failure to do so. Instead, this court reviewed the evidentiary facts and rejected as clearly erroneous the findings of the trial court that plaintiff was negligent and that defendant was not negligent. The judgment was reversed, with directions to

assess damages in favor of plaintiff and enter a judgment accordingly.

In the instant case it cannot be said from a consideration of the evidence that the finding of Judge Sullivan on the issue under discussion was clearly erroneous. The judgment is

Affirmed.