**FAUNTLEROY v. ARGONAUT S. S. LINE, Inc., et al.**

Circuit Court of Appeals, Fourth Circuit.
April 9, 1929.

No. 2816.

George T. Mister, of Baltimore, Md., for appellant.

Robert Stinson, of Baltimore, Md. (Janney, Ober, Slingluff & Williams, Frank B. Ober, and William A. Grimes, all of Baltimore, Md., on the brief), for appellees.

Before WADDILL and PARKER, Circuit Judges, and McDOWELL, District Judge.

WADDILL, Circuit Judge. This case was heretofore before this court, and the action of the lower court holding the appellee Argonaut Steamship Line, Incorporated, free from fault and dismissing the libel as to said steamship company, was reversed, and the case remanded to the District Court of the United States for the District of Maryland to ascertain the amount of damages against said company arising from the injuries sustained by appellant. Fauntleroy v. Argonaut S. S. Line, Inc., et al., 27 F.(2d) 50.

Upon the remanding of the case to the District Court, the same was heard therein as to the proper amount to be awarded for the damages sustained, and said court, by its decretal order, entered on September 22, 1928, fixed such damages at $2,000. From this decree the present appeal was taken, and the sole question presented is as to the sufficiency of the amount of the award to libelant, appellant herein.

█ Appellant insists that $2,000 is wholly insufficient under the circumstances, and is not such an amount as is fair and just, taking into account the serious character of the injury suffered and losses sustained.

There is little or no conflict in the testimony, either as respects the extent of the damages, or the character of the injury, and

there is no claim of contributory negligence on the part of libelant. He suffered a fracture of both bones of the right forearm. His injuries were of a permanent character, as testified to by a competent physician, and were apparent from X-ray plates exhibited at the trial, which unfitted him for efficiently discharging his duties as a stevedore, save to drive winches. He suffered greatly for the first several weeks after his injury, and his arm continued stiff and weak as late as the time of the trial, some 15 months after the accident. At the time of his injury libelant was 46 years of age, married, and earned an average of $35 per week. He was totally disabled from July 31, 1926, to May 27, 1927, a period of 44 weeks, occasioning a loss of $1,540 in wages, and his doctor's bill was $60. An allowance of $2,000 would thus be an award of only $400 in addition to the actual loss to libelant. We think this is insufficient, and that an allowance of $1,000 additional, making the award $3,000 instead of $2,000, is the least that should be made in libelant's behalf, in any reasonable view that can be taken of the case.

██ The right of this court to increase, as well as diminish, allowances in admiralty is too well settled to need citation of authorities in support thereof. The sole question to be considered is: What, in view of all the circumstances, is the proper amount to be awarded. In our view, the award of damages should be increased from $2,000, as allowed by the District Court, to $3,000, and that a smaller sum would not be just to the libelant, appellant herein, under the facts and circumstances of this case. An order will be entered, awarding $3,000 to libelant, with interest from September 22, 1928, and costs in this and the trial court.

Modified and remanded.