## HODGES v. STANDARD OIL CO. OF NEW JERSEY.

### No. 4820.

Circuit Court of Appeals, Fourth Circuit.

Oct. 14, 1941.

H. C. Carter and LeRoy Scott, both of Washington, N. C. (Carter & Carter, of Washington, N. C., on the brief), for appellant.

Eugene F. Gilligan, of New York City, and George M. Lanning, of Norfolk, Va. (Kirlin, Campbell, Hickox, Keating & McGrann, of New York City, and Baird, White & Lanning, of Norfolk, Va., on the brief), for appellee.

Before PARKER, DOBIE, and NORTHCOTT, Circuit Judges.

PER CURIAM.

This is a libel in admiralty filed by the appellant L. L. Hodges, here referred to as the libelant, against the Standard Oil Company of New Jersey, appellee, here referred to as the respondent, in the District Court of the United States for the Eastern District of North Carolina, at Washington. The libel claimed damages resulting from a collision between vessels owned and operated by the respective parties. After a hearing, at which witnesses were examined and depositions were filed, the trial judge in December, 1940, made his findings of fact and conclusions of law holding for the respondent and a decree was entered dismissing the libel with costs. From this action this appeal was brought.

The collision, out of which this controversy arose, occurred on the night of July 18, 1939, between a sailing vessel, the Mildred Hodges, owned by the libelant and a small motor tanker, the Esso Delivery No. 6, owned by the respondent. The collision occurred in the Alligator River, North Carolina, at a point where the dredged channel is about three hundred feet wide, the river at that point being about two miles wide. The Esso Delivery No. 6 was proceeding south, the Mildred Hodges, a

sloop, was proceeding north-west and had her sails set and it was found by the judge that she was being pushed by her motor dory at her stern. When the man at the wheel on the Esso Delivery No. 6 first saw the Mildred Hodges she was about 150 to 200 feet distant. The wheel of the Esso Delivery No. 6 was immediately put hard left, but she struck the starboard quarter of the Mildred Hodges a glancing blow. The Mildred Hodges sank in the channel a few minutes later. No lives were lost.

It was the contention of the libelant that even though the Mildred Hodges may have been at fault the operators of the Esso Delivery No. 6 were also guilty of negligence and that in such event libelant should be entitled to a division of damages.

The sole question involved in the appeal is whether the respondent's vessel the Esso Delivery No. 6 and her crew were at fault in any respect.

While there is a direct conflict in the evidence the trial judge, who heard the witnesses testify as to the collision, found the following facts:

That the Esso Delivery No. 6 was properly lighted and was proceeding through the dredged channel on the proper side of the channel and was maintaining a vigilant lookout.

That the Mildred Hodges, with her sails set, also being pushed by her motor dory with its engine operating, was not properly lighted, was on the wrong side of the channel, that she had failed to keep a vigilant lookout, that she was unnecessarily crossing the channel and the course of the Esso Delivery No. 6, that she was at fault in failing to change her course or to slacken speed to avoid collision, that these acts of negligence were the sole cause of the collision and that the Esso Delivery No. 6, her master, officers and crew were not negligent or in any way responsible for the collision.

■ There is no better established principle of admiralty law than that questions of fact, resolved by a trial judge on conflicting evidence, are entitled to great weight and will not be reversed except for plain error. The Baron Napier, 4 Cir., 249 F. 126; Southern Towing Company v. Egan, 4 Cir., 184 F. 275, and cases cited. We know of no authority to the contrary.

■ A study of the record shows us that there was ample evidence to sustain all the findings of fact made by the trial judge and

that his conclusions of law based upon the findings of fact were correct.

The decree of the court below is accordingly affirmed.

Affirmed.