## JORDAN v. TEXAS CO.

### No. 4849.

Circuit Court of Appeals, Fourth Circuit.

Nov. 10, 1941.

R. Arthur Jett, of Norfolk, Va. (R. Clarence Dozier, of Elizabeth City, N. C., on the brief), for appellant.

Tazewell Taylor, of Norfolk, Va. (P. W. McMullan, of Elizabeth City, N. C., on the brief), for appellee.

Before PARKER, SOPER, and NORTH-COTT, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is a suit in admiralty brought in the District Court of the United States for the Eastern District of North Carolina by the appellant, J. J. Jordan, here referred to as the libelant, against the appellee, The Texas Company, a corporation doing business in the State of North Carolina, here referred to as the libelee. The object of the suit was to recover unpaid wages claimed to be due the libelant for work performed for the libelee and to recover waiting time for the failure to pay the wages. After a hearing, at which the witnesses were examined in open court, the judge below entered an order, which included his findings of fact and conclusions of law, holding in favor of the libelee and dismissing the libel. From this action this appeal was brought.

The libelant was employed as an extra deck-hand by the libelee who operated a number of small vessels in distributing petroleum products to numerous points on the sounds and rivers of Eastern North Carolina. Libelant worked for the libelee as deck-hand from September 19, 1937, to December 31, 1938, a period of over fifteen months.

The claim of the libelant is for straight time during the period of his employment at $75 per month, he having been paid only for the days he actually worked, and for overtime put in by him on the days he was working. The libelant also claimed waiting time for the delay in paying his wages under Title 46 U.S.C.A. § 596.

The contention of the libelee is that the libelant was employed as a relief deck-hand to be paid only for the days he actually worked at the rate of $2.50 per day or $75 per month, and that he was not to be paid for any overtime.

There was a sharp conflict in the testimony, the overwhelming weight of

which was in favor of the libelee. In addition to this the receipts for payments to libelant, who was paid every two weeks of his employment, as well as letters written by him strongly support the evidence of libelee's witnesses.

While the correctness of a single receipt or check stating that it was "in full" might be disputed by evidence showing that it was not actually in full settlement of a claim, it is not reasonable to suppose that the number of receipts given and checks endorsed by libelant over a period of more than fifteen months, showing that he was paid in full, were all incorrect.

The same reasoning applies with equal force to the claim of libelant that he was to be paid for overtime. No payment for overtime was included in any of the payments made to him every two weeks during the period of his employment. The libelant does not claim that he was promised additional pay for overtime, but relies upon an endorsement of the Board of Local Inspectors upon the certificates of inspection of the libelee's vessels, setting out the crew required when in commission not more than 13 hours out of every 24. See 46 U.S.C.A. § 222. It is suggested that this safety regulation constituted a prohibition against more than 13 hours' work in 24 on the part of the libelant, and hence he should be compensated for overtime. But this contention seems to us to involve a non sequitur, for even if it be assumed that the parties combined to violate the regulation, it does not follow that the libelant should be given additional pay. It is clear that he had no contract for payment overtime and signed a receipt for services rendered every two weeks. There is no suggestion of mistake, and the receipts constitute overwhelming evidence that the obligation of the libelee had been discharged by payment.

The judge below who heard the witnesses and saw their demeanor on the witness stand found the facts against the libelant on both of his claims. As we said in Hodges v. Standard Oil Company of New Jersey, 4 Cir., 123 F.2d 362, decided, by this Court, on October 14, 1941: "There is no better established principle of admiralty law than that questions of fact, resolved by a trial judge on conflicting evidence, are entitled to great weight and will not be reversed except for plain error. The Baron Napier, 4 Cir., 249 F. 126; Southern Towing Company v. Egan, 4 Cir.,

184 F. 275, and cases cited. We know of no authority to the contrary."

We are of the opinion that the trial judge reached the correct conclusion.

Having held that libelant had no just claim, it is not necessary to consider his claim for waiting time.

Affirmed.