**PHILLIPS v. MATSON NAV. CO. et al.**

**No. 24260–G.**

District Court, N. D. California, S. D.

July 13, 1945.

Andersen & Resner and Herbert Resner, all of San Francisco, Cal., for libelant.

Brobeck, Phleger & Harrison and R. L. Miller, all of San Francisco, Cal., for respondents.

GOODMAN, District Judge.

Libelant seaman claims in this action damages, wages, bonus and maintenance and cure, pursuant to the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., and the Jones Act, 41 Stat. 1007, 46 U.S.C.A. § 688, and Public Law 17, 78th Congress, 57 Stat. 45.

It is not disputed that wages for the period from October 13, 1944, to April 3, 1945, amounting to the sum of $623.20, are due.

■ The amount of "war bonus" to be paid to seamen and the terms conditioning its payment are fixed by the "Maritime War Emergency Board" (whose members are appointed by the President), created pursuant to agreement between ship operators and the maritime unions. The Shipping Articles governing libelant's employment were signed by him on June 20, 1944. They expressly incorporate therein all decisions of the "Maritime War Emergency Board." On June 20, 1944, and at the time of libelant's shore hospitalization, there was in effect decision 2B of the Board to the effect that: "Bonus shall not be payable while a crew member is on land." Thus under the express terms of the contract between the parties litigant, libelant is not entitled to war bonus and accordingly the claim therefor is disallowed.

■ Maintenance for the seventy seven days ending July 10, 1945, at the rate of $2.-75 per day (which the court finds to be adequate and reasonable in this case), totalling $211.75, is allowed. One hundred days further maintenance at the same rate, amounting to the sum of $275 appears to the court to be proper under the circumstances and is allowed. Calmar S. S. Corporation v. Taylor, 303 U. S. 525, 58 S.Ct. 651, 82 L.Ed. 993.

■ The evidence is sufficient to justify a finding of negligence under the Jones Act. It is therefore unnecessary to rule upon libelant's contention that respondent has an absolute liability on the ground of the vessel's alleged unseaworthiness.

The matter of damages presents a somewhat close and difficult question. The evidence shows that libelant slipped while descending a ladder to the ship's engine room, and as a result his right ankle struck one of the steps of the ladder. Libelant testified that he slipped on a pool of oil. Subsequent x-rays showed a chip fracture of the posterior process of the talus with no displacement. Hospitalization weeks later disclosed a localized osteomyelitis in the right tibia, which necessitated two subsequent operations. Libelant still has an open wound and he will not be able to resume his occupation, according to medical testimony, for a period of three to six months. Osteomyelitis is an infection of the marrow of the bone; it originates in some body focus or focii and can be carried in the blood stream.

■ I am satisfied that there is sufficient causal relationship between the trauma and the development of the subsequent condition of osteomyelitis in libelant's right leg to justify an award of damages therefor. Under all the circumstances an award of $4,000 would in my opinion be just.

Let findings and decree in accordance with the views set forth in this memorandum be prepared and submitted pursuant to the rules.