**VIRGIN v. UNITED STATES.**

No. 5675.

Circuit Court of Appeals, Fourth Circuit.

Dec. 16, 1947.

I. Duke Avnet, of Baltimore, Md. (Mitchell A. Dubow, of Baltimore, Md., on the brief), for appellant.

William A. Grimes, of Baltimore, Md. (Bernard J. Flynn, U. S. Atty., C. Ross McKenrick, Asst. U. S. Atty., and Ober, Williams, Grimes & Stinson, all of Baltimore, Md., on the brief), for appellee.

Before PARKER, SOPER and DOBIE, Circuit Judges.

PER CURIAM.

■■■ This is an appeal in a suit in admiralty instituted by a seaman to recover damages under the Jones Act, 46 U.S.C.A. § 688. · The trial judge denied recovery under that act but awarded libellant maintenance and cure in the sum of $389.66, and he has appealed. Appellant was chief cook on a steamship; and his allegation of negligence is that the vessel failed to provide him an adequate second cook, as a result whereof he was overworked and suffered a nervous breakdown which incapacitated him for work for a considerable period. The trial judge, who saw and heard the witnesses, held against appellant on the issue of negligence. For reasons adequately stated by the judge in his opinion, we think his conclusions on this issue are right. Certainly we cannot say that they are clearly wrong; and it is well settled that we must accept them unless we so find. Hodges v. Standard Oil Co., 4 Cir., 123 F.2d 362, 363; The Nichiyo Maru, 4 Cir., 89 F.2d 539, 542; Chesapeake Lighterage & Towing Co. v. Baltimore Copper Smelting & Rolling Co., 4 Cir., 40 F.2d 394, 395.

■■■ We think, however, that appellant should have been awarded maintenance and cure until Nov. 6, 1946, instead of merely until June 14th, as allowed by the trial judge. June 14th was the date on which he was discharged from the Marine Hospital; but it does not appear that he had sufficiently recovered his health to go to work at that time. On the contrary the evidence is that he was not able to go to work prior to November 6th, which was the date on which he resumed his regular employment; and the trial judge expressly found that he was honestly sick and not malingering, a conclusion which is amply sustained by the record. We shall accordingly add the sum of $504, being $3.50 per day for 144 days, to the amount awarded by the trial judge, making the total amount awarded appellant the sum of $893.66; and as so modified the decree appealed from will be affirmed.

Modified and affirmed.