**KOEHLER v. UNITED STATES.**

No. 46 C 1397.

United States District Court
N. D. Illinois, E. D.

Feb. 14, 1950.

Amended Judgment March 19, 1952.

Lord, Bissell & Kadyk, Chicago, Ill., for plaintiff.

Branand & Whitney, Chicago, Ill., for defendant.

**CAMPBELL, District Judge.**

This is a proceeding in admiralty under the Jones Act, 46 U.S.C.A. § 688. The libel alleges that libelant was injured on August 23, 1944 while employed as a fireman aboard the steam-powered tanker S. S. Mission Santa Maria, which was owned at the time by the respondent, acting through the War Shipping Administration. Respondent denied the allegations of the libel and, issue having been joined, a trial of the cause was had upon the merits, after which the matter was taken under advisement by the Court upon the briefs of the parties.

Although respondent strongly contends that the injuries never occurred, the Court is of the opinion that the great weight of the credible evidence preponderates in favor of libelant's contentions. It appears from the testimony that it was one of the duties of libelant as a fireman to change the burners on the ship's boilers during the course of his watch. At the time of the injury, he was engaged in changing the upper starboard burner of the starboard boiler. In order to change said burner, it was necessary for the libelant to stand on a raised platform or catwalk approximately three feet above the floorplates of the fireroom and at a point where, directly behind him, were located various valves, pipes and other apparatus. There was no guard rail at this point.

It further appears from the testimony that members of the engineering crew had experienced difficulty while changing burners for about three weeks prior to the injuries to libelant, in that oil, clinkers and flame would spurt out of the channels from which the burners were removed. This matter had been reported to libelant's superior officers, but no effective means were devised to remedy the condition. At the particular time in question, an unusually large amount of oil and flame shot out of the channel as libelant removed the burner. Instinctively, and to avoid being burned, he stepped backward and fell into the unguarded bilge, the fall rendering him unconscious. He reported his injuries to his superior officer and to the ship's purser shortly after the accident occurred. Several days later the ship reached the port of Balboa, Panama Canal Zone, where libelant entered the Gorgas Hospital for exam-

ination. The examining physician made the following diagnosis: "(1) Sprain, right knee; (2) Contusion, occipital region of head; (3) Sprain, severe, lumbar region of spine." Libelant completed the voyage to Australia and back. Upon the ship's return to Balboa, he was certified as unfit for duty and was discharged on October 26, 1944. Since that time he has received treatment at various hospitals, and still complains of a sore knee and back, dizziness and "black-outs" from the head injury.

■ It is clear that the respondent was guilty of negligence both in providing libelant with defective appliances and in failing to provide him with a safe place to work. Certainly, a boiler burner which leaks oil, thereby causing a flame to shoot forth when the burner is removed, is a defective piece of equipment. It is uncontroverted that libelant brought this condition to the attention of his superior officers prior to the time he was injured. This defective appliance, coupled with the lack of an adequate guard rail around the bilges at that point, constitutes the proximate cause of libelant's injuries. And respondent's contention that libelant is precluded from recovery for the reason that he knew of the condition of the burner and that he acted precipitously in leaping backwards from the flame, is unavailing. Assumption of risk is no longer a defense in maritime cases, and the rule is also well established that a seaman is bound to work with the equipment and appliances which his employers furnish to him. "It is the duty of a shipowner or master to supply a seaworthy vessel for its employees and this does not depend on the exercise of reasonable care, but is absolute. The H. A. Scandrett, 2 Cir., 87 F.2d 708. A seaman does not assume the risk of injury even from obvious dangers if the proximate cause thereof is the failure of the shipowner or master to supply and keep in order proper appliances appurtenant to the ship and the same rule applies for failure to provide a safe place in which to work. Cleveland Cliffs Iron Company v. Martini, 6 Cir., 96 F.2d 632; Socony-Vacuum Oil Company v. Smith, 305 U.S. 424, 59 S.Ct.

262 [83 L.Ed. 265]." The Seeandbee, 6 Cir., 102 F.2d 577, 581.

The testimony of the libelant and the medical experts sufficiently indicates that there presently remains some disability from the injuries incurred. Admittedly, a previous back injury might well contribute to the present condition, but that injury was at least aggravated by the accident which forms the basis for this cause of action. The Court is of the opinion, however, that the libelant is a chronic malingerer and that, although his present disability is partly due to trauma, it is in the main exaggerated.

The Court, therefore, finds the issues for the libelant and thereupon enters judgment in his favor in the sum of $5,000, in which amount is included recovery for the injuries, maintenance, cure and wages for the remainder of the Voyage subsequent to libelant's discharge.

### Amended Judgment.

■ This action was instituted in admiralty to recover damages (1) under the Jones Act, 46 U.S.C.A. § 688 for injuries sustained by libelant on August 23, 1944, and (2) for wages, maintenance and cure. After trial of the cause, I found the issues for libelant in a written opinion and entered judgment for libelant in the sum of $5,000. Upon appeal by the libelant, the Court of Appeals vacated the judgment and remanded the cause, 7 Cir., 187 F.2d 933, 938, with the following order: "So that adequate findings of fact and conclusions of law may be entered in this cause, the judgment appealed from will be vacated and the cause remanded, with directions to the district court to make such adequate additional findings on the question of libelant's damages as the evidence supports, and to make conclusions of law wherein the award for such damages is fixed in an amount adequate to indemnify libelant for wages, maintenance and cure as well as for damages for his injuries under the Jones Act, as indicated in this opinion, and to enter thereafter a judgment in favor of libelant in conformity with such amended findings of fact and conclusions of law."

Accordingly, therefore, I make the following specific findings and conclusions as to the various elements comprising the judgment:

(a) Wages—$1,687.20, based on:

| | | |
|---|---|---|
| Basic Wage (per month) | — | $107.50 |
| Overtime (average) | — | 42.50 |
| Bonus (average) | — | 60.90 |
| Total monthly earnings | — | $210.90 |
| Total number of months from discharge to end of voyage (October 26, 1944 to July 15, 1945) | | 8 |
| | | $1,687.20 |

(b) Maintenance—$1,263.60, based on:

| | | |
|---|---|---|
| 208 days from discharge to end of voyage, plus 35 days hospitalization and out of work, December, 1946 and January, 1947 | — | 243 |
| Reasonable daily rate for found | | $5.20 |
| Total | — | $1,263.60 |

(It should be noted that no award is made for out-of-work periods subsequent to the end of the voyage, other than the subject 35 days, for the reason that I am of the opinion that such unemployment was due to libelant's own lack of industry and malingering.)

(c) Cure—$500.

Although I am of the opinion that libelant had effected maximum cure at the time of his discharge, that the removal of the semi-lunar cartilage of the right knee was unnecessary and not sufficiently connected with the injuries on which this action is based, and that the various medicines consumed by libelant were unnecessary and solely the result of his own natural hypochondria, nevertheless an operation was performed on libelant's knee by his own surgeon subsequent to his discharge, and I am accordingly allowing the libelant's claim of the total amount expended on cure after his discharge. Maintenance for the period of such treatment is included in (b) above.

(d) Damages for injuries under the Jones Act—$1,500. Having observed at length libelant's demeanor on the witness stand and having carefully considered all the evidence before me, I have concluded that libelant is a chronic malingerer and grossly exaggerates his injuries and consequent pain and suffering. I cannot, therefore, in good conscience, grant him an award for injuries for an amount greater than the overly-generous $1,500.

Judgment is, therefore, entered in favor of libelant in the total sum of $4,950.80, plus costs.