## CAPPELEN v. UNITED STATES.
### No. 10389.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 18, 1950.

Decided Nov. 16, 1950.

Bruce S. Quigley, Washington, D.C., for appellant.

Onan A. Hydrick, Washington, D.C., Atty., Department of Justice, of the Bar of the Supreme Court of South Carolina, *pro hac vice,* by special leave of Court, with whom Asst. Atty. Gen. H. G. Morison and George Morris Fay, U. S. Atty., Washington, D.C., were on the brief, for appellee. Joseph M. Howard, Asst. U. S. Atty., Washington, D.C., also entered an appearance for appellee.

Before PROCTOR and WASHINGTON, Circuit Judges, and ROBERT N. WILKIN, District Judge, retired (sitting by designation).

WILKIN, District Judge.

This is an appeal from a judgment of the United States District Court for the District of Columbia which dismissed a libel in admiralty instituted under authority of the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., for recovery of $5000 death-benefit, under a Second Seaman's War Risk Policy, issued by the War Shipping Administration pursuant to provisions of Section 1128(a),[1] Title 46 U.S.C.A., to the libellant's husband, Jens M. Cappelen, Master of the S. S. William B. Giles.

The pertinent part of the insurance contract is: "The insurance is for loss of life, * * * of the insured, directly and proximately caused by risks of war and warlike operations * * *."

An amendment extended the coverage of the insurance to "marine risks and perils." But the contract stated: "The fact that a vessel, or any vessel with which such vessel is in collision, is carrying troops or military or other supplies, or is proceeding to or from a war base, or is manned or operated by military or naval personnel, shall not alone be sufficient to include in this policy any claim which is not included by the foregoing terms of this article."

1. Repealed July 25, 1947, 61 Stat. 449.

The respondent denied that the death of the insured was caused "by any of the risks and perils insured against."

Most of the salient facts were presented by stipulation which recited that the insured had enlisted in the U. S. Merchant Marine in May of 1942 and had been in continuous command of the USS William B. Giles until his death, that such ship was engaged in transportation of munitions of war, that the insurance was in effect at time of death and that the insured's widow, the libellant, was the named beneficiary, but that her claim had been administratively disapproved on March 25th, 1946.

The stipulation further said: "That the USS William B. Giles sailed from the United States on May 14th 1943, arrived in Casablanca, Morocco on June 3rd 1943 and was scheduled to return to the United States on June 8th 1943; that the insured was continuously on active duty in command of said vessel until June 8th 1943 at about six A.M. when the insured was found dead in the Master's Cabin aboard said ship with a bullet wound through the head. That the body of the insured was found in a semi-sitting position on the bunk clad only in a pajama coat with a head wound in the region of the right eye; that he was leaning against the bulkhead, his legs hanging over the side of the bunk; that a 38 caliber Smith and Wesson revolver, issued by the Navy Department, was lying between his legs with the butt pointed upward; that the investigation was made through the office of the Provost Marshal and disclosed that the weapon was tested for finger prints and only those of the deceased were found thereon."

The trial court found that by a preponderance of the evidence the death was due to accident not within the coverage of the insurance, citing Reinold v. United States, 2 Cir., 1948, 167 F.2d 556, certiorari denied, 1948, 335 U.S. 824, 69 S.Ct. 48, 93 L. Ed. 378.

This court finds that there was substantial evidence to support that finding. There was no evidence that the death was directly or proximately due to a risk of war, warlike operation, or a marine risk or peril.

This court finds no prejudicial error in the conduct of the trial.

The appellant contends that it was error for the court to exclude certain evidence, but counsel stated that the purpose of such evidence was to show the long-continued nervous strain to which insured had been subjected by the voyages of the Giles. Such evidence would have been cumulative, and even if its full effect were conceded, it would not bring the cause of death within the terms of the insurance contract.

It is a principle of admiralty law that findings of a trial court will not be disturbed unless clearly erroneous. Hodges v. Standard Oil Co. of New Jersey, 4 Cir., 1941, 123 F.2d 362; Jordan v. Texas Co., 4 Cir., 1941, 123 F.2d 614; Crist v. United States War Shipping Administration, 3 Cir., 1947, 163 F.2d 145, certiorari denied, 1948, 332 U.S. 852, 68 S.Ct. 352, 92 L.Ed. 422; Gatewood v. Sanders, 4 Cir., 1945, 152 F.2d 379; Virgin v. United States, 4 Cir., 1947, 165 F.2d 81, cert. denied, 1948, 334 U.S. 834, 68 S.Ct. 1341, 92 L.Ed. 1760.

The judgment is therefore
Affirmed.