## GIBBONS v. UNITED STATES. UNITED STATES v. GIBBONS BROS., Inc., et al.

### Nos. 4498, 4499.

United States Court of Appeals First Circuit.

Dec. 22, 1950.

Stanley H. Rudman, Boston, Mass. (Schneider, Reilly & Bean, Boston, Mass., on brief), for William H. Gibbons.

Thomas H. Walsh, Boston, Mass. (George F. Garrity, U. S. Atty., Edward O. Gourdin, Asst. U. S. Atty., and Leo F. Glynn, all of Boston, Mass., on brief), for United States of America.

Sumner H. Babcock, Boston, Mass. (Edward M. Casey and Bingham, Dana & Gould, Boston, Mass., on brief), for Gibbons Brothers, Inc.

Before MAGRUDER, Chief Judge, and WOODBURY and FAHY,* Circuit Judges.

FAHY, Circuit Judge.

William H. Gibbons, the appellant, filed in the district court a libel in admiralty *in personam* against the United States. He sought damages for injuries due to an accident he suffered while working on the S. S. Niantic Victory, a merchant vessel owned and operated by the United States in navigable waters in the port of Boston. By petition under the Fifty-sixth Admiralty Rule, 28 U.S.C.A., the United States interpleaded Gibbons Brothers, Inc., whom it had engaged to clean the ship, its cargo having been removed. Libellant, as an employee

* Circuit Judge, District of Columbia Circuit, sitting by special designation.

of Gibbons Brothers, was engaged in this work when the accident occurred.

The court concluded that the injuries received by libellant "were in no way attributable to unseaworthiness of the vessel or fault of the United States as the owner, operator and party in control" of the ship. Judgment accordingly was entered for respondent United States and also for the interpleaded respondent Gibbons Brothers, Inc.

Two appeals are before us, one by the injured libellant, in which the United States is appellee; the other, heard together with the former, is an appeal by the United States, in which Gibbons Brothers, Inc. is appellee. The latter appeal is designed to protect the claim of the United States to a remedy over against Gibbons Brothers, Inc., should William Gibbons succeed in his appeal and thereafter recover against the United States.

The central issue in the trial was the cause of the accident. In helping in cleaning the ship, libellant went by ladder down the escape hatch. He passed from a door in the escape hatch onto one of the decks in the bowels of the ship and thence to the vicinity of hatch No. 2, a well or open space which goes down from the main deck to the bottom of the hold. This hatch was covered on the main deck level so that its interior was dark. Appellant was looking for bags of sawdust to take up to the main deck through the escape hatch, to aid in the cleaning. He had with him an electric light on a long cord which had been plugged in on the main deck. He left the light on a bag of sawdust on the deck where he came from the escape hatch. He got onto a ladder along one side of hatch No. 2 so as to proceed farther down in search of more sawdust. So much seems clear. There likewise is no question that while alone on or about this ladder which ran up and down the "square" or side of the well of hatch No. 2, appellant fell some distance into the bottom of the hold and was seriously injured. He testified in substance that the light began to fail as he was going down, causing him to retrace his steps up the ladder to the vicinity where he had left the light on the deck, that the light failed entirely as he approached this point, and that in attempting to get from the ladder onto this deck his foot slipped on a greasy beading or coaming near the edge of the hatch, resulting in the fall.

On all the evidence, including that as to the light, the condition of the coaming, and statements attributed to libellant shortly after the accident, the trial judge found there was no grease or dirt around or on top of the beading or coaming, though some of the paint had worn away and the surface was somewhat smooth, that he, the judge, did not believe the light failed to function, that neither the light nor the condition of the beading or coaming had anything to do with the fall and that "somewhere on the ladder or ladders between tween deck 1 and the bottom of the hold the libellant misjudged his footing and fell * * *."

We are not to set aside the judgment of the trial court based on his factual findings as to the cause of the accident, where, as here, there was a conflict in evidence, unless such findings are clearly contrary to the preponderance of the evidence or, what amounts to the same thing, unless such findings are "clearly erroneous", to borrow the expression in Rule 52 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. This is the principle which guides our review notwithstanding an appeal in admiralty is said to be a trial *de novo*. See The Josephine & Mary, 1 Cir., 1941, 120 F.2d 459, 463, citing The Parthian, C.C.D.Mass. 1891, 48 F. 564; Kulack v. The Pearl Jack, 6 Cir., 1949, 178 F.2d 154. See especially the illuminating discussion by Learned Hand, C.J., in Petterson Lighterage & Towing Corp. v. New York Central R. R. Co., 2 Cir., 1942, 126 F.2d 992, 995-96.

We have examined the evidence in the record. There is uncertainty about the light, the condition of the coaming, and the cause of the fall. Assuming that a defective condition of either light or coaming would make out a case of unseaworthiness, and that, in event of such defective condition, the United States would be liable, Seas Shipping Co., Inc. v. Sier-

acki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L. Ed. 1099, we are not justified in departing from the factual conclusions reached by the trial judge. We cannot say from our study of the record that those conclusions are clearly inconsistent with the preponderance of the evidence.

In view of our affirmance of the judgment on the appeal of the libellant, No. 4498, the appeal of the United States in No. 4499 should be dismissed.

In No. 4498, the judgment of the District Court is affirmed. In No. 4499, the appeal is dismissed.