## KOEHLER v. UNITED STATES.
### No. 10238.

United States Court of Appeals
Seventh Circuit.
March 28, 1951.

Edward B. Hayes, Stephen A. Milwid, Chicago, Ill., for appellant.

Robert Branand, Jr., Emerson C. Whitney, Otto Kerner, Jr., U. S. Atty., John Peter Lulinski and Maurice C. Handelman, Asst. U. S. Attys., all of Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and FINNEGAN, Circuit Judges.

DUFFY, Circuit Judge.

This action was instituted in admiralty to recover damages (1) under the Jones Act, 46 U.S.C.A. 688, for injuries sustained by libelant on August 23, 1944, and (2) for wages, maintenance and cure. On said date libelant was employed as a seaman aboard the tanker, S. S. Mission Santa Maria, which was owned by respondent acting by the War Shipping Administration. The trial was to the court. The district judge filed a written opinion entitled, "Memorandum, Findings of Fact, Conclusions of Law and Judgment." The issues were decided favorably to libelant, and a judgment of $5,000 was entered against the respondent.

Libelant moved for the entry of findings of fact and conclusions of law, pursuant to General Admiralty Rule 46½, 28 U.S.C.A.,[1] and for the vacating of the judgment and for entry of a decree in his favor increasing the award to such sum as would adequately indemnify him for his injuries and damages. The motions were denied and libelant brings this appeal from that part of the judgment fixing the damages at $5,000 and from the order denying the aforesaid motions.

On August 23, 1944, libelant, working as a fireman, while changing a burner in the upper starboard boiler, found it necessary to stand on a raised platform or catwalk approximately three feet above the floor plates of the fire room. Various valves, feed pump, water cooler and pipes were located directly behind him, but there was no guard rail along the edge of the catwalk or platform.

From the start of the voyage from San Francisco on August 5, 1944, libelant and others of the crew experienced difficulty in changing burners because oil, clinkers and fire came shooting out of the channels of the boilers from which burners had previously been removed. These occurrences were reported to the superior officers aboard the vessel, and attempts which proved to be ineffectual were made to remedy the problem.

At the time when libelant was injured, a considerable amount of oil and flames shot out of the channel from which he was removing the burner. Libelant instinctively stepped back, which caused him to fall into the unguarded bilge. He struck his head and was rendered unconscious. His head was injured in the occipital region, and his right knee and his back were also hurt. Five days later, when the ship was in the Canal Zone, libelant was sent to the Gorgas Hospital at Balboa for examination. The hospital diagnosis was "(1) sprain, right knee; (2) contusions, occipital region of head; (3) sprain, severe, lumbar region of spine."

Libelant returned to the vessel, and during the voyage to Australia performed some light duties, but complained of recurring headaches and spells of dizziness. Finally he was unable to perform any duties, and upon the return of the vessel to Balboa, libelant was discharged on October 26, 1944, as unfit for duty.

Although findings to such effect were not to be found among those included in the court's opinion, it seems to be without dispute that at the time of his injuries libelant was thirty-eight years of age, that his base rate of pay was $107.50 per month, that his average overtime pay was $42.50 per

---

1. "In deciding cases of admiralty and maritime jurisdiction the court of first instance shall find the facts specially and state separately its conclusions of law thereon; and its findings and conclusions shall be entered of record * * *."

month, and that his bonus earnings were on the basis of $60.90 per month.

The district court held that respondent was guilty of negligence, both in providing libelant with defective appliances and failing to provide him with a safe place to work, and that such negligence constituted the proximate cause of his injuries. In making the award of $5,000 the court specifically stated that it included recovery "for the injuries, maintenance, cure and wages for the remainder of the voyage subsequent to libelant's discharge."

Hundreds of citations might be given where the rule is categorically stated that on an appeal in admiralty there is a trial de novo; however the qualification of that general rule is just as widely recognized, and that is, that the findings of the district court will be accepted by the appellate court unless clearly against the preponderance of the evidence. Leathem Smith-Putnam Navigation Co. v. Osby, 7 Cir., 79 F.2d 280, 282; Kulack et al. v. The Pearl Jack, et al., 6 Cir., 178 F.2d 154, 155; Great Lakes Towing Co. v. American, S. S. Co., 6 Cir., 165 F.2d 368, 370. Such findings will not be disturbed unless clearly erroneous. Hodges v. Standard Oil Co. of New Jersey, 4 Cir., 123 F.2d 362, 363; Crist v. United States War Shipping Administration, 3 Cir., 163 F.2d 145, 146; Cappelen v. United States, D.C.Cir., 185 F.2d 754, 755; The Josephine and Mary, 1 Cir., 120 F.2d 459, 463; Gibbons v. United States, 1 Cir., 186 F.2d 488, 489.

Such findings of the trial court as may be found in its opinion herein are clearly sustained by the evidence. Respondent did not cross appeal, nor did it file an assignment of errors. In Chicago Insurance Co. v. Graham and Morton Transportation Co., 7 Cir., 108 F. 271, we held that our rules requiring assignments of error apply to appeals in admiralty. Hence there is no question here before us on the liability of respondent. We shall, therefore, only consider libelant's contention that the award of $5,000 to him is grossly inadequate.

Subsequent to the date of the court's opinion, libelant in moving for entry of special findings of fact and separate conclusions of law, presented to the court proposed findings of fact and conclusions of law which adopted as far as possible the court's language in the findings which were made in the court's opinion. Certain other proposed findings were included, such as the amount that libelant was entitled to recover by reason of permanent impairment of his earning power, and also the sum he was entitled to recover for pain and suffering. The court declined to sign such proposed findings, but we cannot consider that such refusal meant that the court disagreed therewith. In an exchange of correspondence with proctor for libelant the trial judge, in a very courteous two-page letter, explained that he considered the findings contained in his opinion as being sufficient under Rule 46½ of the Admiralty Rules; he also pointed out the great amount of work facing the district court judges in Chicago and, as we interpret the letter, that his refusal to make the formal findings in addition to his opinion was based on the idea that the district judges should not be required to take the time to perform functions which were not considered necessary. The judge relied upon the amendment to Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A., which provides that if the findings of fact and conclusions of law appear in an opinion it will be sufficient compliance with that rule. The judge recognized of course that no such amendment had been made to Admiralty Rule 46½, but felt that Admiralty Rule 46½ should be interpreted as though similarly amended.

This court is well aware of the condition of the court calendar in the United States District Court for the Northern District of Illinois, Eastern Division.[2] Certainly the judges should not be required to assume and perform duties that are unnecessary. Nev-

2. Although eight district judges are authorized to sit on that court, for some time past five, and for a part of the period four, judges have been attempting to take care of the extremely heavy work of that court.

ertheless, both Rule 52(a), Federal Rules of Civil Procedure, and Admiralty Rule 46½ require the trial court to find the facts specially and state separately its conclusions of law thereon.

In Dearborn Nat. Casualty Co. v. Consumers Petroleum Co., 7 Cir., 164 F.2d 332, 333, this court said: "* * * While the burden and responsibility to make findings of fact and state conclusions of law thereon are primarily upon the trial court, certainly counsel for the parties, especially the prevailing party, have an obligation to a busy court to assist it in the performance of its duty in this regard."

In the case at bar counsel for libelant performed his duty and presented to the court proposed findings in concise and acceptable form. Included were proposed findings as to the length of the voyage, the time lost by libelant from gainful employment, and as to a bill for medical services incurred, and separate conclusions of law were included for the court to fix and insert the amount of damages for permanent impairment of earning power and separately the amount to be awarded for pain and suffering.

We are not certain from the opinion whether the court intended the $5,000 to cover damages for loss of earnings due to permanent injury. There was medical testimony that libelant was incapable of performing heavy manual labor. But it is certain that no allowance was made for pain and suffering.

True it is that the court indicated that libelant's present disability is exaggerated by him, and also referred to him as a malingerer. Nevertheless the court found, and there is credible evidence to support the finding, that the libelant's present disability is partially due to trauma, and, even though a previous back injury might contribute to libelant's present condition, that said injury was at least aggravated by the accident which forms the basis for this cause of action.

The evidence shows that plaintiff claimed much pain and suffering, particularly from the injuries to his back and his right knee. It is without dispute that an operation was performed to remove the semi-lunar cartilage from his right knee. It was established that for some time after the accident the plaintiff walked with a limp, that his twelfth dorsal vertebra showed evidence of considerable compression from a traumatic source, and it is not disputed that he was an in-patient for thirty-five days in various marine hospitals, and that after his discharge from the Detroit Marine Hospital on April 17, 1945, he was treated there as an out-patient on fifteen separate dates between April 24, 1945, and October 5, 1945.

The passage of the Jones Act did not modify the well established rule of maritime law that a seaman has a contractual right to recover for maintenance, wages and cure, which are entirely separate and cumulative to his right to recover compensatory damages for personal injury. Pacific Steamship Co. v. Peterson, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220. Libelant contends that he has established by evidence herein his right to recover $1,680.20 for wages, $2,138.40 for maintenance, and $500.00 for cure. If the calculations of libelant are correct, and the basis upon which such calculations rest has been established, he is entitled to recover $4,318.60 in addition to his right to recovery under the Jones Act. It would follow that the total award of $5,000 was inadequate.

The question for determination is whether this court should supply the deficiency in the court's findings, or whether we should remand with instructions that the trial court do so. An appellate court may increase an award in admiralty. Porello v. United States, et al., 2 Cir., 153 F.2d 605; Fauntleroy v. Argonaut S. S. Line, Inc., 4 Cir., 31 F.2d 941; The Pontin Brothers, 2 Cir., 47 F.2d 595; Seely v. City of New York, 2 Cir., 24 F.2d 412. Some appellate courts, while proclaiming their adherence to the rule of approving findings of the trial court if not clearly erroneous, have not hesitated to increase the amount of damages awarded on such findings. At times these increases have been without reference to the different items making up the total damages; in other cases the appellate courts have increased the award

for specific items, as, for instance, the amount for pain and suffering. Porello v. United States, et al., supra; United States Fidelity and Guaranty Co. v. United States, 2 Cir., 152 F.2d 46; Heredia v. Davies, 4 Cir., 12 F.2d 500. It was error for the trial court here to award damages which omitted any amount for pain and suffering, and which perhaps also omitted an amount for the item of lessened earning power due to the injuries sustained. In as much as the trial court indicated that it regarded certain of libelant's claims to be exaggerated, we feel it should be that court which should make the findings which it overlooked or, at least, did not include in its opinion.

■ There remains for consideration only the contention of libelant that findings of fact and conclusions of law included in an opinion of the trial court are not sufficient under any circumstances in an admiralty case. Persuasive of this argument is the fact that about thirteen years ago an attempt was made by the Maritime Law Association to have the Supreme Court interpret Rule 46½ so that findings in an opinion of the district court would suffice, but Chief Justice Hughes, in October, 1940, stated that such an interpretation would not be acceptable. The Chief Justice said that separately stated and numbered findings of fact and conclusions of law should be made a part of every record on appeal in an admiralty case. See page 164, Index Volume, Benedict on Admiralty (6th Ed.). Also, it must be recognized that in 1948 when the Supreme Court modified Rule 52(a), Federal Rules of Civil Procedure, so that findings of fact and conclusions of law would be sufficient if included in the court's opinion, the Supreme Court did not similarly modify Admiralty Rule 46½. It is a sufficient answer to point out that prior to the 1948 amendment the Supreme Court had handed down its opinion in Kelley v. Everglades Drainage District, 319 U.S. 415, 63 S.Ct. 1141, 1145, 87 L.Ed. 1485, wherein it said, " * * * We hold only

that there must be findings, stated either in the court's opinion or separately, which are sufficient to indicate the factual basis for the ultimate conclusion."

Although this was a bankruptcy case, Rule 52(a) was made applicable to bankruptcy cases by General Order in Bankruptcy No. 37, 11 U.S.C.A. following section 53. The language in Rule 52(a) was almost identical with that in Admiralty Rule 46½. Similar rules are entitled to the same construction. Walsh v. United States, et al., D.C., 81 F.Supp. 667.

■ Therefore, we hold that it was a sufficient compliance with Admiralty Rule 46½ for the findings of fact and conclusions of law to have been stated in the court's opinion, providing they were adequate. We said in Life Savers Corp. v. Curtiss Candy Co., 7 Cir., 182 F.2d 4, 6: " * * * But this provision does not relieve the trial judge of making adequate findings. It only relieves him from doing what some courts had ruled was a requirement, that is, filing findings of fact and conclusions of law separate from the opinion. * * * However, the findings [of fact] and conclusions should adequately cover the contested issues. * * *" (Emphasis added.)

So that adequate findings of fact and conclusions of law may be entered in this cause, the judgment appealed from will be vacated and the cause remanded, with directions to the district court to make such adequate additional findings on the question of libelant's damages as the evidence supports, and to make conclusions of law wherein the award for such damages is fixed in an amount adequate to indemnify libelant for wages, maintenance and cure as well as for damages for his injuries under the Jones Act, as indicated in this opinion, and to enter thereafter a judgment in favor of libelant in conformity with such amended findings of fact and conclusions of law. It is so ordered.