**KOEHLER v. UNITED STATES.**

No. 10662.

United States Court of Appeals
Seventh Circuit.

Jan. 2, 1953.

Edward B. Hayes and Stephen A. Milwid, Chicago, Ill., for appellant.

Stuart B. Bradley and Warren A. Jackman, Chicago, Ill., Otto Kerner, Jr., U. S. Atty. and John P. Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before DUFFY, LINDLEY and SWAIM, Circuit Judges.

DUFFY, Circuit Judge.

This is a proceeding in admiralty, on appeal for the second time. Libelant sought to recover damages (a) under the Jones Act, Title 46 U.S.C.A. § 688, for injuries sustained by him on August 23, 1944, while employed as a seaman on a vessel owned by the War Shipping Administration, and (b) for wages, maintenance and cure. The trial court found the issues favorable to libelant.

The trial court filed a written opinion. D.C., 103 F.Supp. 4. Thereafter libelant presented to the trial judge, for signature, formal findings of fact and conclusions of law which adopted as far as possible the language of the court, as found in its opinion. In addition certain other proposed findings were included, such as the amount libelant was entitled to recover by reason of permanent impairment of his earning power and also the sum he was entitled to recover by reason of pain and suffering. The trial court refused to sign the formal findings on the ground that the findings included in his opinion were sufficient. The court then entered judgment in favor of the libelant in the sum of $5,000.

One of the issues on the first appeal was that the findings of fact and conclusions of law included in the trial court's opinion were not sufficient in an admiralty case. Admiralty Rule 46½, 28 U.S.C.A., and Rule 52(a), Federal Rules of Civil Procedure,

28 U.S.C.A., each require the trial court to find the facts specially and to state separately its conclusions of law thereon. Although Rule 52(a) provides that findings of fact and conclusions of law may be included in the opinion of the trial court, Admiralty Rule 46½ does not contain a similar provision. It was a close question whether findings of fact and conclusions of law could be included in the court's opinion in an admiralty case, especially in view of the statement of Chief Justice Hughes, referred to in our opinion, Koehler v. United States, 7 Cir., 187 F.2d 933, 938. However, for the reasons there set forth, we held that it was a sufficient compliance with Admiralty Rule 46½ for the findings of fact and conclusions of law to have been stated in the court's opinion providing they were adequate, but we held the findings were inadequate.

We stated in our opinion, supra, 187 F.2d at page 937, "We are not certain from the opinion whether the court intended the $5,000 to cover damages for loss of earnings due to permanent injury. There was medical testimony that libelant was incapable of performing heavy manual labor. But it is certain that no allowance was made for pain and suffering." We further stated, "True it is that the court indicated that libelant's present disability is exaggerated by him, and also referred to him as a malingerer. Nevertheless the court found, and there is credible evidence to support the finding, that the libelant's present disability is partially due to trauma, and, even though a previous back injury might contribute to libelant's present condition, that said injury was at least aggravated by the accident which forms the basis for this cause of action."

We pointed out in our previous opinion that in an admiralty case, an appellate court may increase the amount of an award made by the trial court. We cited authorities showing that at times appellate courts have increased the award by changing only the totality of the damages for the various items for which the award was made, but that in other cases appellate courts have increased the award for specific items of damage, such as for pain and

suffering. We decided, however, to remand the case to the trial court, so that adequate findings of fact and conclusions of law might be entered, and we directed the court to make such adequate additional findings on the question of libelant's damages as the evidence would support, and to make conclusions of law wherein the award of such damages is fixed in an amount adequate to indemnify libelant for wages, maintenance and cure, as well as for his injuries under the Jones Act.

Upon remand, with the same evidence before the court as when it made its original award of $5,000, the court determined that libelant's total damages were $4,950.80, this in spite of the fact that we clearly indicated in our opinion that the $5,000 award was inadequate.

Prior to the time the trial court made its second determination, libelant presented to the trial judge, for signature, formal findings of fact and conclusions of law, including blank spaces in the conclusions of law for the court to insert the amount of libelant's damages for permanent impairment of his earning power, and also the amount for damages sustained by reason of pain and suffering. The court again declined to sign libelant's proferred findings, but some time thereafter filed an "Amended Memorandum, Findings of Fact, Conclusions of Law and Judgment."

The court found libelant was entitled to recover the following items of damages: Wages, at $210.90[1] per month, $1,687.20; Maintenance, for 243 days at $5.20 per day, $1,263.60; Cure, $500; Damages for injuries under the Jones Act, $1,500. Once more a finding on the question of libelant's claimed permanent impairment of earning power was not included, and only an oblique reference was made in the findings to libelant's pain and suffering, and no specific award was made therefor.

It would serve no good purpose and would only delay the final disposition of this cause to again remand to the trial court for further and additional findings. We have decided to assert the power which lies in this court to supply the deficiencies

in the findings and determine the correct total amount of the award.

In the case at bar appellee cross-appeals and claims the trial court erred in allowing as an item of damages $500 for cure, and in including in the award for wages the sum of $487.20 for a bonus during a period when it is undisputed libelant was not at sea.

■ The award of $500 for cure was principally to cover libelant's expenses as a result of an operation for the removal of the semi-lunar cartilage of the right knee. Although claim is made that the operation was unnecessary, it was done on the advice of libelant's own doctor. We hold the award for cure was correct.

As to the bonus, the shipping articles signed by appellant, in relevant part, provide, "These articles are subject to the provisions and stipulations of the Maritime War Emergency Board Decisions numbered 1 to 8, inclusive, together with any and all amendments, revisions and supplements thereto and all subsequent decisions which may apply, copies of which are filed with the United States Shipping Commissioner." A decision of the Maritime War Emergency Board, dated February 27, 1943, provided that a bonus should not be paid to a seaman for time spent on land. No exception was made to the case where a seaman was required to leave his ship because of illness or injury.

■ In Farrell v. United States, 2 Cir., 167 F.2d 781 at page 784, affirmed in 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850, the court said: "The allowance of bonus stands upon a different footing. The shipping articles contained a provision that 'all decisions, amendments and attachments of the Maritime War Emergency Board shall apply to and become a part of this agreement.' A decision of this Board on February 27, 1943, provided that no bonus should be paid to a seaman while on land, making no exception in the case of one leaving his ship because of illness or injury. He was therefore correctly denied any bonus for the period while he was

---

1. Including a bonus of $60.90 a month.

ashore." A like result was reached in Phillips v. Matson Nav. Co., D.C., 62 F. Supp. 247, 248. Cf. Shields v. United States, 3 Cir., 175 F.2d 743, 745. We hold that the trial court erred in including a bonus of $487.20 in the award for loss of wages.

We find that libelant has suffered some loss of earnings due to injuries sustained by him on August 23, 1944. We also find that he has endured and will in the future endure some pain and suffering as a result of such injuries.

■ In its first opinion the trial court stated, "The testimony of the libelant and the medical experts sufficiently indicates that there presently [2] remains some disability from the injuries incurred. Admittedly, a previous back injury might well contribute to the present condition, but that injury was at least aggravated by the accident which forms the basis of this cause of action. The Court is of the opinion, however, that the libelant is a chronic malingerer and that, although his present disability is partly due to trauma, it is in the main exaggerated." There is credible evidence to sustain the court's finding that on February 14, 1950, libelant was still partially disabled by his injuries. Although at times he was able to work six or seven days a week, at other times he was compelled to quit work due to his physical condition. The loss of wages in the past and the present value of loss of wages likely to be suffered in the future might well be a substantial sum, but, keeping in mind the findings of the trial court that libelant greatly exaggerates his disability, we find that the fair award to which he is entitled for loss of earning power due to injuries sustained August 23, 1944, is $3,000.

■ In addition to libelant's own statement, there is much testimony in the record to sustain a finding that libelant is entitled to damages for pain and suffering. The first hospital record of libelant's injuries, made at the Gorgas Hospital several days after the date when his injuries were sustained, was: "(1) Sprain, right knee;

(2) Contusion, occipital region of head; (3) Sprain, severe, lumbar region of spine." Although libelant returned to his ship for the voyage to Australia, he performed only limited services, and on October 26, 1944, he was discharged at Balboa and was certified as unfit for duty. Again the record would sustain a finding that libelant was entitled to a substantial allowance for pain and suffering, but again bearing in mind the trial court's conclusion that libelant greatly exaggerates his injuries, we find that the fair award for libelant's pain and suffering due to injuries sustained August 23, 1944, is $2,500.

To summarize, the libelant is entitled under the terms of this ruling to an award of $8,563.60, comprising the following elements of damages:

| | |
|---|---|
| Wages | $1,300.00 |
| (8⅔ months @ $150 per month) | |
| Maintenance | 1,263.60 |
| (243 days @ $5.20 per day) | |
| Cure | 500.00 |
| Damages under Jones Act | 5,500.00 |
| Total: | $8,563.60 |

It seems appropriate to again point out how seriously important it is for trial courts to make adequate findings of fact and conclusions of law. Rule 52(a) provides that the court shall find the facts *specially*, and state *separately* its conclusions of law thereon. Referring to this rule and another, we stated in Shannon v. Retail Clerks International Protective Ass'n, 7 Cir., 128 F.2d 553, 555, "These are strongly worded, mandatory provisions which should be respected. They are not meaningless words." See also: Bank of Madison v. Graber, 7 Cir., 158 F.2d 137. A number of trial courts throughout the country have adopted the practice of designating a formal written opinion as "Findings of Fact and Conclusions of Law," without in any manner separating the findings or conclusions from the balance of the opinion. Such practice in many cases is not finding the facts specially; it is not stating separately the conclusions of law.

**2.** The date of the opinion was February 14, 1950, about 5½ years after the date of libelant's injuries.

**592**

In Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 316, 60 S.Ct. 517, 84 L.Ed. 774, the court held that it is of the highest importance to a proper review in the granting or denial of a preliminary injunction that there be explicit findings of fact in compliance with Rule 52(a), Federal Rules of Civil Procedure. The court pointed out that the observations made in the course of the trial court's opinion were not in any sense findings of fact upon the vital issues of that case. The court emphasized that findings of fact were mingled with arguments and inferences contained in the opinion.

We realize that Rule 52(a) allows that "If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein." However, we have held that this provision does not relieve the trial judge of making *adequate* findings. Life Savers Corp. v. Curtiss Candy Co., 7 Cir., 182 F. 2d 4, 6. The practice of commingling findings of fact and conclusions · of law with other portions of an opinion is a practice that should be discouraged. It is almost inevitable that if findings of fact and conclusions of law are mixed up with the observations and arguments of the judge writing the opinion, such findings and conclusions are more likely to be inadequate than if the findings and conclusions of law are separately and definitely stated.

Again we repeat the admonition given in the Life Savers case, supra, 182 F.2d at page 7, "Of course, a judge need only make brief, definite and pertinent findings of fact and conclusions of law. Findings in elaborate detail are as much to be avoided as the long argumentative findings and conclusions often presented by counsel for a successful litigant. However, the findings and conclusions should adequately cover the contested issues."

The judgment in favor of libelant for $4,950.80 plus costs will be modified, so that the amount of his damages will appear as $8,563.60 plus costs. No costs in this court will be awarded to libelant on his appeal or to respondent on its cross-appeal. As thus modified, the judgment is affirmed.